JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ERICH BRACHT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DECKERS OUTDOOR CORPORATION, et al.,<br><br>Defendants. | Case No. 12-cv-04768-r (CWx)<br><br>**ORDER AND DECISION GRANTING MOTION TO DISMISS AND DENYING MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL** |

The motion of defendants Deckers Outdoor Corporation, Angel R. Martinez, Thomas A. George and Zohar Ziv to dismiss the complaint and the motion of Local 810 Affiliated Pension Fund, United Wire Metal and Machine Pension Fund and United Wire Metal and Machine Health and Welfare Funds (the "Funds") for appointment of lead plaintiff and lead counsel came on regularly to be heard on September 4, 2012. Plaintiff Erich Bracht and the Funds were represented by Jason Forge and Brian O'Mara of Robbins Geller Rudman & Dowd LLP. Defendants were represented by William Alderman of Orrick, Herrington & Sutcliffe LLP.

1    The Court having read the papers filed on both motions and being fully
2    advised, it is hereby ORDERED as follows:

3    **A.    MOTION TO DISMISS**

4    For the reasons stated by the Court at the hearing, and reflected in the
5    attached transcript, which is incorporated herein by reference, it is ORDERED that
6    the motion to dismiss be, and the same hereby is, GRANTED.

7    **B.    LEAVE TO AMEND**

8    Plaintiff's memorandum in opposition to the motion to dismiss stated
9    "Although plaintiff maintains the sufficiency of the Complaint, in the event that the
10   Court finds otherwise, plaintiff respectfully requests leave to amend it. *See*
11   *Eminence Capital L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003)
12   (leave to amend should be granted ""'with extreme liberality,'"" especially in
13   securities fraud cases)."

14   The Ninth Circuit in *Aspeon* noted that a strong showing of the futility of
15   amendment can overcome the presumption in favor of granting leave to amend.
16   316 F.3d at 1052. But there, plaintiffs had represented to the district court that they
17   could provide additional evidence enabling them to add necessary details to their
18   complaint, and the court said "nothing suggests that plaintiffs' proffer that
19   additional evidence was forthcoming which would enable them to add necessary
20   details to their complaint was false or made in bad faith or for an improper
21   purpose." *Id.* at 1053.[1]

22   Here, in contrast to *Aspeon*, plaintiff has offered no suggestion as to how he
23   could cure the manifold defects in his conclusory complaint. He offered nothing in
24   his opposition to the motion to dismiss. He offered no proposed amended
25   complaint. When given the opportunity at the hearing to add to his papers, his

---

[1] The Court notes, however, that when the time came for plaintiffs to make good on their representation, their complaint was once again dismissed, and the Ninth Circuit affirmed the dismissal on appeal. *In re Aspeon, Inc. Sec. Litig.*, 168 Fed. Appx. 836, 2006 U.S. App. LEXIS 4673 (9th Cir. Feb. 23, 2006).

counsel remained silent. These failures alone suggest that any attempted amendment would be futile.

But there is more. The facts plaintiff himself alleged in his complaint, and those he cited in his opposition memorandum, establish that both the hypothesis on which he sought to rest his complaint and the revised (and contradictory) hypothesis he advanced in his memorandum are contrary to the undisputed disclosures defendants actually made to investors. Thus the Court finds that amendment would not only be futile, but also could not be undertaken in good faith and would only prolong this case to the prejudice of defendants.

The courts of appeals regularly affirm denials of leave to amend where, as here, a plaintiff has failed to proffer any facts it claims it could add. *See, e.g., Anderson v. Merrill Lynch etc.*, 521 F.3d 1278 (10th Cir. 2008) (affirming denial of leave to amend where plaintiffs neither explained how they could cure the defects in their complaint nor attached a proposed amended complaint to their opposition to motion to dismiss); *In re 2007 NovaStar Fin. Inc. Sec. Litig.*, 579 F.3d 878, 884-85 (8th Cir. 2009) (affirming denial of leave to amend where plaintiff requested leave but did not submit a proposed amendment or proffer its substance until filing of appellate brief).

Accordingly, the Court denies leave to amend and dismisses the action with prejudice.

C.   **MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**

The Funds have sought appointment as lead plaintiff and ask the Court to appoint as their counsel the same counsel that represents the only named plaintiff, Erich Bracht. The Funds have sought leave neither to intervene in the case nor to file an amended complaint in response to defendants' motion to dismiss.

The dismissal of the action with prejudice renders the lead plaintiff/lead counsel motion moot. *See, e.g., Employers-Teamsters Local Nos. 175 & 505*

- 3 -

ORDER AND DECISION GRANTING MOTION TO
DISMISS AND DENYING MOTION TO APPOINT
LEAD PLAINTIFF AND LEAD - 12-CV-04768-R (CWx)

1  *Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 922-24 (9th Cir. 2007) (where would-be lead plaintiff in a securities class action had neither filed its own complaint nor moved to intervene, dismissal of the only named plaintiff's claims rendered moot an interim order appointing a different lead plaintiff and deprived appellant of standing to appeal denial of its motion for appointment as lead plaintiff); *Berkowitz v. Conrail, Inc.*, 1997 WL 611606 at *1 n.1 (E.D. Pa. Sept. 25, 1997) ("Because Defendant's motion to dismiss will be granted, Plaintiff's pending motion to be appointed lead plaintiff, for appointment of lead and co-lead counsel, and for class certification will be denied as moot").

Accordingly, the Funds' motion for appointment as lead plaintiff and approval of selection of lead counsel is hereby DENIED as moot.

Judgment is entered in favor of defendants.

Dated:   October 2, 2012

_____
Hon. Manuel L. Real
United States District Judge

- 4 -

ORDER AND DECISION GRANTING MOTION TO
DISMISS AND DENYING MOTION TO APPOINT
LEAD PLAINTIFF AND LEAD - 12-CV-04768-R (CWX)